UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCIS J. BURCZYK, on behalf of himself
and all others similarly-situated,

                    Plaintiff,

   -against-

KEMPER CORPORATE SERVICES, INC.
*doing business as* Merastar Insurance
Company, and JEFFREY FINDLEY in his
individual and professional capacities,

                    Defendants.
------------------------------------------------------------X

**ORDER**
15-CV-1483 (SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court in this wage and hour action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* is Plaintiff's Francis J. Burczyk and opt-in Plaintiffs' Stephen T. Siragusa, Michael Miranda, and Michael Borgeest (collectively "Plaintiffs") joint motion with Defendant Kemper Corporate Services, Inc. ("Defendant") seeking an Order approving the parties' Settlement and Release Agreement (the "Settlement Agreement").[1]  *See* Docket Entry ("DE") [44].  For the reasons set forth herein, the parties' joint motion is denied without prejudice to renew in accordance with the directives set forth in this Order.[2]

---

[1] Although Individual Defendant Jeffrey Findley is not a party to the Settlement Agreement, the parties have submitted a Stipulation and Order of Dismissal with Prejudice signed by counsel for all parties.  *See* DE [44].

[2] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* Electronic Order dated 2/15/2017.

Pursuant to the FLSA, parties cannot enter into a private settlement agreement and stipulate to dismissal of their case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without approval of the Court or the United States Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15-CV-2588, 2016 WL 927183, at *1 (E.D.N.Y. Mar. 7, 2016) ("Approval of the district court or the Department of Labor is required for settlements dismissing FLSA claims with prejudice."). Ordinarily, Courts will not approve agreements with provisions that "bar plaintiffs from openly discussing their experiences litigating . . . wage and hour case[s] . . .," as these limitations "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (internal quotation omitted); *see also Coffin v. MRI Enterprises*, No. 11-CV-2453, 2015 WL 3930272, at *1 (E.D.N.Y. Mar. 19, 2015) (finding a confidentiality provision "contrary to well-established public policy and imped[ing] one of the goals of the FLSA—to ensure that all workers are aware of their rights.") (internal quotation marks omitted).

Upon review, the Court finds that the Settlement Agreement contains an impermissible non-publication clause. Section 5(a) of the Settlement Agreement prohibits Plaintiffs from "post[ing] on any social media, website, blog or other form of Internet activity, or publish[ing] in the press, concerning, the terms of the settlement, this Agreement, or the outcome of this action." *See* Settlement Agreement, DE [44], § 5(a). Although this provision does not operate as a wholesale limitation on

Plaintiffs' ability to speak about the case, the Court sees no distinction between preventing Plaintiffs from talking with their family, friends, and co-workers on the one hand, and, on the other, with a reporter.  Moreover, considering the commonality of which individuals communicate over the internet, preventing Plaintiffs from posting "on any social media, website, blog or other form or Internet activity" places a substantial burden on their ability to openly discuss their experience litigating the lawsuit and entering into the Settlement Agreement.  As such, the Court finds that the Settlement Agreement is adverse to public policy and declines to approve it as written.  *See Lopez v. Poko-St. Ann L.P.,* 176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016) ("Prohibiting an FLSA plaintiff from speaking truthfully about his experiences, his claims, and the resolution of his lawsuit is in strong tension with the remedial purposes of the FLSA . . . and also undermines the public's right to know about the terms of such judicially approved settlements.") (internal quotation marks omitted).

Accordingly, the parties' motion is denied without prejudice insofar as it seeks approval of the Settlement Agreement in its current form.  On or before April 4, 2017, the parties are instructed to submit a revised settlement agreement consistent with the instant Order, or, in the alternative, a letter advising the Court that they intend to proceed with litigating this action.

Dated:  Central Islip, New York
         March 28, 2017

**SO ORDERED.**

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge